**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nehemiah Rolle, Jr., | No. CV-23-00336-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Charles J Robel, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss, (Doc. 26), and attached Memorandum in support of their Motion, (Doc. 27). Also pending before the Court is Plaintiff's Motion to Strike and corresponding Affidavit, (Docs. 30 and 31) and Defendants' Response and Declaration in Opposition to Strike, (Docs. 32 and 33). For the following reasons, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion to Strike.

**I.   BACKGROUND**

Plaintiff Nehemiah Rolle Jr. brings this action against Charles Robel, the former chair of GoDaddy Inc.'s board of directors, and Aman Bhutani, GoDaddy's Chief Executive Officer, alleging numerous causes of action stemming from an alleged contract Plaintiff entered into with GoDaddy.[1] Plaintiff alleges that he paid Defendants $193 dollars for a web-hosting service, online security protections services against hacking, and access to a business email address, all for a span of two years. (Doc. 1 at 2). Plaintiff

---

[1] Plaintiff names "Godaddy." It is presumed that Plaintiff is referring to GoDaddy.

argues that the amount of $193 was "stolen … thru [sic] criminal fraud and criminal theft and criminal Grand Larceny causing the Plaintiff to lose his website costing the Plaintiff Nehemiah Rolle, Jr., hundreds of Billions of dollars." (Doc. 1 at 2). Plaintiff does not elaborate on the outcome of Plaintiff's contract with GoDaddy or Plaintiff's website.

Plaintiff brings claims under 41 U.S.C. § 1983, alleging that Defendants Robel and Bhutani violated Plaintiff's First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth and Fourteenth Amendment Rights. (Doc. 1 at 2). Plaintiff also brings claims under 42 U.S.C. § 1985 and § 1988 and for criminal larceny, theft, fraud, conversion, and breach of contract. Plaintiff seeks damages of $100 billion dollars against each Defendant as well as punitive damages in the amount of one billion dollars against each Defendant. Plaintiff seeks declaratory judgment on several claims.

Plaintiff's Complaint was filed on February 24, 2023. (Doc. 1). Defendants filed a Motion to Dismiss and a Memorandum in support of their Motion (Docs. 26 and 27) on August 30, 2023. Defendants argue that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 26 at 2). Plaintiff did not file a Response to Defendants' Motion to Dismiss and the time to do so has now passed. Plaintiff filed a Motion to Strike on October 10, 2023, (Doc. 30), to which Defendants filed a Response. (Docs. 32 and 33). The Court first addresses Plaintiff's Motion to Strike.

## II.    MOTION TO STRIKE

Plaintiff filed a Motion to Strike (titled "Cross-Motion") Defendants' filings due to criminal fraud, perjury, and misrepresentation with respect to Defendants' Certification of Conferral pursuant to Local Rule 12(c). (Doc. 30).

"[A] motion to strike may be filed . . . if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv. 7.2(m)(1). "The decision to grant or deny a motion to strike is within the court's discretion." Sunburst Minerals, LLC v. Emerald Copper Corp., 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018).

Plaintiff alleges fraud, perjury, and misrepresentation with respect to Defendants' Certification of Conferral but provides no facts or argument to this end. The Court is unable to conclude that Defendants' Certification of Conferral is deficient in any manner. The Court therefore denies Plaintiff's Motion to Strike, (Doc. 30), and proceeds to Defendants' Motion to Dismiss. (Doc. 26).

### III. LEGAL STANDARDS FOR MOTION TO DISMISS

Defendant moves to dismiss the Complaint for lack of personal jurisdiction, failure to state a claim, and lack of subject matter jurisdiction.

#### A. Personal Jurisdiction

A court has personal jurisdiction over the residents of the state in which it resides and may also exercise personal jurisdiction over non-residents if jurisdiction is proper under the state's long-arm statute and if the exercise of jurisdiction is consistent with the due process requirements of the Constitution. Fireman's Fund Ins. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). Thus, because Arizona's statute is coextensive with the federal due process inquiry, Davis v. Metro Prod., Inc., 885 F.2d 515, 520 (9th Cir. 1989), a court may exercise personal jurisdiction over a non-resident defendant if the defendant has "minimum contacts" with Arizona. Sec. Inv. Prot. Corp. v. Vigman, 764 F.2d 1309, 1315 (9th Cir. 1985).

#### B. Failure to State a Claim

Courts must liberally construe the pleadings of *pro se* plaintiffs. Draper v. Rosario, 836 F.3d 1072, 1089 (9th Cir. 2016). Yet such pleadings must still comply with recognized pleading standards. Ghazali v. Moran, 46 F.3d 52, 52 (9th Cir. 1995). A pleading must contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The pleading must "put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). While Rule 8 does not demand detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause action, supported by mere conclusory statements, do not suffice." Id.

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating a motion to dismiss, a court will "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012).

### C. Subject Matter Jurisdiction.

"Federal courts are courts of limited jurisdiction," and if a court finds it does not have subject matter jurisdiction, it must dismiss the matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 773 (9th Cir. 2017) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (U.S.,1994)). The party asserting jurisdiction has the burden to show it exists. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.").

### IV. MOTION TO DISMISS

Defendants argue that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. The Court first addresses Defendants' arguments with respect to personal jurisdiction.

### A. Personal Jurisdiction

Defendants argue that Plaintiff has failed to allege facts that would support the exercise of personal jurisdiction over Defendants. (Doc. 27 at 8).

A plaintiff bears the burden of establishing personal jurisdiction over the defendant. Ziegler v. Indian River Cnty., 64 F.3d 470, 473 (9th Cir. 1995) (citing Farmers

Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990)). A district court deciding a 12(b)(2) motion to dismiss without first holding an evidentiary hearing must determine whether the plaintiff presents a *prima facie* showing of jurisdictional facts. Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 268 (9th Cir. 1995). Plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)).

The Court agrees with Defendants that Plaintiff has not alleged facts that would support this Court's jurisdiction over Defendant. While Plaintiff makes the conclusory statement that GoDaddy is an Arizona entity, Plaintiff brings this action against individual Defendants Robel and Bhutani, not GoDaddy. (Doc. 1 at 1). Plaintiff's Complaint does not contain any facts to indicate that the named Defendants are residents of the state of Arizona, nor does Plaintiff otherwise allege facts demonstrating that the Court can exercise personal jurisdiction over Defendants. Accordingly, Plaintiff has not met his burden to show that this Court's exercise of personal jurisdiction is proper.

**B. Failure to State a Claim**

Plaintiff brings a diverse array of claims, including 41 U.S.C. § 1983, § 1985, § 1988 claims; criminal larceny; theft; fraud; conversion; and breach of contract. Plaintiff seeks declaratory judgment on the fraud, larceny, theft, and breach of contract claims. The Court addresses Plaintiff's claims in turn.

1. Section 1983 Claim

Defendants argue that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because Defendants are not government officials. (Doc. 27 at 10–11).

To maintain a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). When a defendant is a private actor, courts "start with the

presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); see also Tevolitz v. Clear Recon Corp., No. CV-22-08085-PHX-SPL, 2023 WL 1929553, *7 (D. Ariz. Feb. 10, 2023) ("Section 1983 claims may only be brought against government officials acting under the color of law."). However, "a § 1983 action can lie against a private party when '[they are] a willful participant in joint action with the State or its agents.'" Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003), (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

Here, Plaintiff summarily alleges that Defendants are acting under color of law. However, both Defendants are private employees of the private company GoDaddy. Both Defendants qualify as private actors, and Plaintiff has not alleged any facts rebutting the presumption that private conduct does not constitute governmental action. Accordingly, Plaintiff has not plausibly alleged that Defendants are "person[s] acting under color of state law." West, 487 U.S. at 48. Moreover, Plaintiff has not alleged any facts to suggest that Defendants participated in joint action with State actors to deprive Plaintiff of his constitutional rights. The Court thus concludes that Plaintiff has failed to state a § 1983 claim and dismisses this claim.

2. Section 1985 Claim

Defendants argue that Plaintiff has failed to state a claim under 42 U.S.C. § 1985 because Plaintiff has not alleged the existence of a conspiracy or discriminatory animus. (Doc. 27 at 11–12).

To state a claim under § 1985(3), a plaintiff must allege "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws, (2) an act in furtherance of the conspiracy, and (3) a resulting injury." Addisu v. Fred Meyer, 198 F.3d 1130, 1141 (9th Cir. 2000). To meet the first element, a plaintiff must allege facts showing that the conspirators' actions were motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Sever v. Alaska Pulp Corp.,

1  978 F.2d 1529, 1536 (9th Cir. 1992) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102
2  (1972)).

3     Plaintiff alleges that Defendants engaged in acts of "racism and white supremacy"
4  by unlawfully preventing "a Black American citizen born in the United States from
5  entering into American automobile/car insurance industry." (Doc. 1 at 8). Plaintiff alleges
6  that he suffered the loss of $193 dollars as a result of his dealings with GoDaddy and was
7  preventing from entering the insurance industry. (Doc. 1 at 2, 5–6, 8). In sum, Plaintiff
8  has alleged race-based animus within a conspiracy but has not plausibly alleged any facts
9  to support this allegation. Plaintiff has failed to assert the existence of a conspiracy by
10 Defendants to "defraud" Plaintiff and deprive Plaintiff of equal protection under any
11 federal statute. No race-based conspiracy was suggested beyond Plaintiff's unsupported
12 allegations of white supremacy. The Court finds that Plaintiff has failed to state a claim
13 under § 1985.

### 3. Section 1988 Claim

Plaintiff brings a claim under § 1988, which permits recovery of attorney fees for claims under § 1983 and § 1985. "To qualify for attorney's fees under § 1988, a plaintiff must be a 'prevailing party.'" Farrar v. Hobby, 506 U.S. 103, 109 (1992). Pro se litigants may not collect attorney fees pursuant to § 1988. Kay v. Ehrler, 499 U.S. 432, 438 (1991).

Plaintiff is a pro se litigant and the Court has found that his § 1983 and § 1985 claims are without merit and must be dismissed. As such, Plaintiff cannot maintain a claim for attorney fees under § 1988. The Court dismisses Plaintiff's § 1988 claim.

### 4. Criminal Claims

Plaintiff alleges claims of criminal larceny under 10 U.S.C. § 921, which is a criminal offense codified in the Uniform Code of Military Justice, criminal theft under 18 U.S.C. § 2315, and criminal fraud. Defendants argue that these claims must be dismissed under 12(b)(6) because Plaintiff, as a private individual, cannot bring criminal claims.

"It is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual." Retanan v. Cal. Dep't of Corr. & Rehab, No. 1:11-CV-01629-GBC (PC), 2012 WL 1833888, *5 (E.D. Cal. May 18, 2012). Similarly, private individuals cannot enforce and are not subject to the Uniform Code of Military Justice. Section 2315 is likewise a criminal statute which does not create a private right of action. See Schele v. Mercedes-Benz USA, LLC, No. C 10-1642 RS, 2011 WL 1088760 (N.D. Cal. Mar. 11, 2011) ("[A] private individual [] lacks standing to assert claims under § 2315.").

The Court finds that Plaintiff's criminal claims must be dismisses with prejudice because Plaintiff, as a private individual, is not entitled to bring criminal claims against Defendant.

### 5. Conversion Claim

Plaintiff appears to allege a conversion claim against Defendants but does not specify whether the claim is for the $193 dollars that Plaintiff paid Defendants or for the domain name that Plaintiff sought to register. Defendants argue that Plaintiff has failed to state a conversion claim. (Doc. 13–14).

"Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Miller v. Hehlen, 209 Ariz. 462, 472 (Ariz. Ct. App. 2005). Money can be the subject of a conversion claim in some instances, but "is not the proper subject of a conversion claim when the claim is used merely to collect on a debt that could be satisfied by money generally." Liberty Life Ins. Co. v. Myers, No. CV 10-2024-PHX-JAT, 2013 WL 530317, at *13 (D. Ariz. Feb. 12, 2013) (internal quotations omitted). In Arizona, "money owed under contract does not give rise to a conversion claim." Kenneth Eisen & Assoc., Ltd. v. CoxCom, Inc., No. CV-18-02120-PHX-JJT, 2019 WL 669770, at *3 (D. Ariz. Feb. 19, 2019) (citing Autoville, Inc. v. Friedman, 510 P.2d 400, 402 (Ariz. Ct. App, 1973).

A domain name likely cannot be the subject of a conversion claim. See Hao v. GoDaddy.com, LLC, No. CV-22-01709-PHX-DLR, 2023 WL 3078660, *2 (D. Ariz. Apr. 25, 2023). "[I]n order to bring an action for conversion, the object of conversion must be tangible personal property or intangible property that is merged in, or identified with, some document, such as a stock certificate or an insurance policy." See id., citing AdVnt Biotechologies, LLC v. Bohannon, No. CV-06-2788-PHX-DCG, 2007 WL 1875670, at *2 (D. Ariz. June 28, 2007).

Plaintiff does not allege facts to support that Defendants interfered with Plaintiff's control over his property. Even if Plaintiff had alleged sufficient facts to this end with respect to either the money which Plaintiff paid to GoDaddy or the domain name, neither the money nor the domain name is the proper subject of a conversion claim. Accordingly, Plaintiff has failed to state a claim for conversion.

### 6. Civil Fraud Claim

Defendants argue that even if Plaintiff intended to bring a claim for civil fraud in addition to criminal fraud, Plaintiff has failed to state a claim for civil fraud.

When a plaintiff alleges fraud in a civil action, "circumstances of the fraud must be stated with particularity." Fed. R. Civ. P. 9(b). To plausibly allege claim for fraud, a plaintiff must allege:

> (1) a representation (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the listener's reliance on its truth; (8) the [plaintiff's] right to rely on it; and (9) his consequent and proximate injury.

Wells Fargo Credit Corp. v. Smith, 803 P.3d 900, 905 (citing Echols v. Beauty Built Homes, Inc., 647 P.2d 629, 631 (Ariz. 1982)).

Plaintiff has failed to allege facts that comprise the elements of fraud, let alone allege those facts with the particularity required by the Federal Rules of Civil Procedure.

The Court finds that Plaintiff has failed to state a claim for civil fraud. The Court dismisses Plaintiff's fraud claim without prejudice.

### 7. Breach of Contract Claim

Defendants argue that Plaintiff has failed to state a claim for breach of contract.

To prevail on a breach of contract claim, plaintiffs must prove the existence of a contract between plaintiffs and defendants, a breach of the contract by defendants, and resulting damages to plaintiffs. Gillard v. Good Earth Power AZ LLC, No. CV-17-01368-PHX-DLR, 2019 WL 1280946, *4 (D. Ariz. Mar. 19, 2019). As such, a breach of contract action must plausibly allege the existence of a contract and its terms. See Ward v. Litton Loan Serv., 2012 WL 13024081, *3 (C.D. Cal. Apr. 10, 2012) ("Plaintiffs make vague references to the existence of a contract . . . . but provide no specifics as to the alleged contract's purported terms. Without the specifics of the alleged contract, Plaintiffs are incapable of alleging breach or damages.") (citation omitted).

Plaintiff summarily alleges that Plaintiff's contract was breached by the Defendants. However, Plaintiff has not plausibly alleged the existence of a contract between Plaintiff and Defendants, much less how the contract was breached. The absence of any specificity as to the alleged contract is fatal to Plaintiff's breach of contract claim and any claim for damages. The Court dismisses this claim without prejudice.

### 8. Declaratory Judgment

Plaintiff seeks "a declaratory judgment from the jury after trial" against Defendants on Plaintiff's claims of criminal fraud, criminal larceny, theft, and breach of contract. (Doc. 1 at 7, 9). Declaratory judgment provides a remedy, but "does not provide a cause of action when a party . . . lacks a cause of action and seeks to use the [Declaratory Judgment] Act to obtain affirmative relief. City of Reno v. Netflix, 52 F.4th 874, 878 (9th Cir. 2022). Plaintiff lacks a cause of action that would support Plaintiff's declaratory judgment claim because the Court has determined that all of Plaintiff's claims must be dismissed under Rule 12(b)(6).

### C. Subject Matter Jurisdiction

Defendants argue that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction. (Doc. 27 at 8). The Court has determined that Plaintiff failed to allege facts to support the Court's personal jurisdiction over Defendants and that, irrespective of the Court's personal jurisdiction, all of Plaintiff's claims must be dismissed under 12(b)(6). The Court finds it unnecessary to consider the issue of subject matter jurisdiction.

### V. LEAVE TO AMEND

Leave to amend a pleading should be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). *Pro se* litigants are especially afforded liberality in amendments. Lopez, 203 F.3d at 1131. Generally, "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980)).

It is clear to the Court that the deficiencies of Plaintiff's Complaint cannot be cured by amendment. As Defendants note, Plaintiff has been involved in numerous lawsuits in various district courts around the nation, leading two districts to enjoin Plaintiff from filing any further lawsuits absent permission. Rolle v. Litkovitz, No. 1:21cv552, 2021 WL 4169022, at *1 (S.D. Ohio Sept. 14, 2021). Several courts and the Seventh Circuit have termed Plaintiff's court filings as frivolous, noting that each of Plaintiff's actions take on a similar format and approach. See Rolle v. Creedon, No. 22-1720, 2023 WL 2185657, at *3 (7th Cir. Feb. 23, 2023). The action which Plaintiff brings now is evidently no different than Plaintiff's prior litigation endeavors. The Court finds that the deficiencies of Plaintiff's complaint cannot be cured by amendment. The Court therefore declines to grant Plaintiff leave to amend his Complaint and dismisses Plaintiff's claims with prejudice.

///

///

## VI. CONCLUSION

The Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint without leave to amend. Plaintiff's Motion to Strike is denied.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion to Strike (Doc. 30).

**IT IS FURTHER ORDERED granting** Defendants' Motion to Dismiss (Doc. 26).

**IT IS FURTHER ORDERED dismissing with prejudice** Plaintiff's Complaint. (Doc. 1).

**IT IS FURTHER ORDERED directing** the Clerk of the Court to terminate this case in its entirety.

Dated this 29th day of January, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge